In The United States District Court For The Middle District of Tennessee At Nashville

Andre L. Mayfield,
    Plaintiff pro se,

v.

FNU Maxwell, et al.,
    Defendants.

Case: 3:16-cv-03012

RECEIVED IN CLERK'S OFFICE
JUN 0 5 2017
U.S. DISTRICT COURT
MID. DIST. TENN.

## SUPPLEMENTAL COMPLAINT

Plaintiff, Andre L. Mayfield, now submits this SUPPLEMENTAL COMPLAINT pursuant to F.R.Civ.P. Rule 15(d) as defendants White, Cleaves, Jackson, and Howell have begun a campaign of harassment and severe retaliation against me. Plaintiff keeps current jurisdiction and venue, defendants, and the current relief requested.

1) It is common Whiteville Correctional Facility ("WCFA") knowledge that WCFA Librarian, Laquida Gray, will read all inmates lawsuits, make copies of them if they mention WCFA staff, and, if so, a copy of the documents will be sent to staff mentioned.

2) On this particular occasion, Gray sent my completed copies (without any legitimate justification to do so) to defendant White, who was mentioned several times in the MOTION FOR TRANSPORT ORDER. This is never done this way - Gray always gives the legal copies to the inmate herself (neverminding the extra copies sent elsewhere) on her next visit.

3) White made it very obvious that she now knew I was seeking legal redress against her and she was angry. Immediately White and her I-Unit Management team ("her team") began a campaign of harassment and draconian retaliation tactics.

4) On 17 January 2017, defendant White directed Senior of Inmate Relations ("SIR") Vivian Oliver to confiscate what little commissary I possessed with any legitimate justification for pure harassive and, obviously, discriminatory retaliation because I mentioned White in my MOTION and utilized the inmate grievance procedure. I was issued a disciplinary for Unauthorized Financial Transaction/Obligation.

5) At this point, Plaintiff would like to point out that close to half IB pod (appr 20 out of 48) through various jailhouse hustles receive illegal commissary items every day and on the 17 January 2017, commissary day for IB pod, over one hundred illegal commissary transactions happened but Plaintiff was singled out to be issued a disciplinary and have my items confiscated after White "reviewed Milestone camera system" of IB pod. This, again, made it painfully obvious of Whites extreme bias and her illegal, retalitory actions. White watched Milestone not wanting to see the other (99) ninety-nine unauthorized financial transactions that happened this date only seeing my one.

6) On 18 January 2017 at appr 1115 hrs, SIR Oliver and SIR Pinner pulled me out of my cell, under the false pretenses of another cell search, at the unprofessional, harassive direction of retaliation-driven White.

7) After completion of their harassment, Oliver attempted to confiscate my retaliation grievance, which detailed the previous harassment and retaliation, without any legitimate justification. I informed Oliver that the grievance is protected speech and that policy states she could not confiscate it that I wanted to file it personally.

8) SIR Pinner wrongly stated Oliver could confiscate whatever she wanted unless I had something to the contrary. Oliver agreed with me and returned the grievance but confiscated another document out of my legal folder. This search was a mirage from the start. The real reason was to obtain documents handwritten by me to analyze and match my handwriting to some other allegedly threatening documents White had received.

9) On 19 January 2017 at appr 1030 hrs, WCFA Chief of Unit Managers Catherine Nelson came into my cell during cell inspection pretending to inspect but grabbed my legal folder out of my tote (How did she know which folder?) and confiscated the retaliation grievance then escorted me to intake holding cell.

(1)

10) Nelson falsely alleged that I threatened White, one of Nelson's subordinates. I deny the allegation and was kept in the holding cell for hours. Nelson neither returned or filed the confiscated retaliation grievance.

11) Milestone camera system will verify the facts stated herein with the exception of audio.

Therefore, plaintiff requests that this Honorable Court accept for filing this SUPPLEMENTAL COMPLAINT. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief this the 21 January 2017.

Andre L. Mayfield
Andre L. Mayfield #128982
WCFA P.O. Box 679
Whiteville, TN
38075-0679

## Certificate of Service

I hereby certify a true and exact copy of Supplemental Complaint was forwarded to:

To: Attorney Paige M. Aynes,
The Pinnacle Symphony Pl.
150 3rd Ave. South - STE-1600
Nashville, TN. 37201

Respectfully Submitted
/s/ Andre L. Mayfield
Andre L. Mayfield

(2)

Mr. Rhodes L. Mayhew #428982
NECX - P.O. Box 5000
Mountain City, TN. 37683

RECEIVED IN CLERK'S OFFICE
JUN 0 5 2017
U.S. DISTRICT COURT
MID. DIST. TENN.

Legal Mail

To: Clerk of Court
U.S. Courthouse - Rm 800
Nashville, TN. 37203

KNOXVILLE TN 377
NECX MAILROOM
MAY 31 2017

The Department of Correction/NECX has neither inspected nor censored and is NOT responsible for the contents
NECX
PO BOX 5000
Mountain City, TN 37683