UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANDRE' L. MAYFIELD,

    Plaintiff,

v.

DELMAR MAXWELL, *et al.*,

    Defendants.

Case No. 3:16-cv-03012
Honorable Laurie J. Michelson
Magistrate Judge Alistair Newbern

**OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [91]**

Andre' Mayfield has recently sought a temporary restraining order and preliminary injunction. (*See* R. 91, 92.) Given the nature of the relief sought, the Court ordered expedited briefing. (R. 95.) Having reviewed the briefs (R. 97, 98), the Court will deny Mayfield's motion. Mayfield has not shown that he is likely to suffer irreparable harm. Further, any irreparable harm that Mayfield might suffer would not be at the hands of the named defendants. So enjoining them would do Mayfield little good.

The events giving rise to this suit begin in June 2016. Mayfield was then a prisoner at the Trousdale Turner Correctional Center, a prison run by CoreCivic, Inc. (formerly Corrections Corporation of America). (*See* R. 16, PID 90.) Mayfield requested protective custody on the basis that gang members—including those in prison—were under a state-wide order to kill him "on site" for raping a gang member's relative. (R. 16, PID 90–91.) Allegedly, Mayfield was not provided with protective custody and his fear reached the point where he attempted suicide. (*See* R. 16, PID 91.)

In November 2016, Mayfield was transferred to Whiteville Correctional Facility, another prison run by CoreCivic, Inc. (R. 16, PID 92.) Allegedly, Mayfield again sought protective custody, which, again, was not immediately provided. (*See* R. 12, PID 68; R. 21, PID 104; R. 41, PID 178.) In February 2017, a protective-custody panel determined that Mayfield required protective custody, but Whiteville allegedly continued Mayfield in segregation where "15 or more Crip gang members," including the family member of one of the women Mayfield had raped, also resided. (R. 41, PID 178; *see also* R. 57, PID 227.)

In or around April 2017, Mayfield was transferred to the Northeast Correctional Facility (NECX). (*See* R. 73, PID 292.) NECX, unlike the Turner and Whiteville facilities, is operated by the Tennessee Department of Corrections, not CoreCivic, Inc. (*See* R. 94.) Soon after Mayfield arrived at the facility, NECX placed Mayfield in its protective-custody housing unit. (*See* R. 73, PID 293.)

Although Mayfield remains in protective custody at NECX, he believes that could soon change. (R. 91, PID 384.) He says he has filed a grievance "challenging his living conditions" and thus "fears being transferred and forced off protective custody." (*Id.*) Mayfield seeks an order from this Court "enjoining the defendants, their successors in office, TDOC agents and employees at the Northeast Correctional Complex and all other persons acting in concert and participating with them, from transferring and/or removing [him] from protective custody pending the outcome of [his] 42 U.S.C.§1983 complaint." (R. 91, PID 383.)

Mayfield's request for a temporary restraining order and a preliminary injunction will be denied as he has not demonstrated that "irreparable injury is *likely* in the absence of an injunction," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Even assuming that gang members have been ordered to kill Mayfield "on site" such that his removal from protective

custody would put him at risk of harm, his fear that NECX may remove him from protective custody because he is challenging his living conditions is speculative. Mayfield offers nothing to substantiate his belief that NECX intends to engage in unlawful retaliation and therefore that an injunction is necessary. *See Collins Inkjet Corp. v. Eastman Kodak Co.*, 781 F.3d 264, 279 (6th Cir. 2015) (providing that for a preliminary injunction to issue, there must be a "realistic prospect of irreparable harm"); *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) ("To demonstrate irreparable harm, the plaintiffs must show that unless [an injunction issues], they will suffer actual and imminent harm rather than harm that is speculative or unsubstantiated." (internal quotation marks omitted)).

And there is a second problem with Mayfield's request for injunctive relief: enjoining the named defendants will not prevent any harm. According to Mayfield, the named defendants worked at Turner or Whiteville—two CoreCivic, Inc. facilities—during the events giving rise to this case. (*See* R. 16, 76.) And according to Defendants, "CoreCivic, Inc. ('CoreCivic') does not operate NECX. Defendants are employees of CoreCivic, and Defendants do not work at NECX." (R. 94, PID 393.) Thus, even if the Court were to enjoin Defendants, that would not restrain NECX from changing Mayfield's protective custody status.

Finally, to the extent that Mayfield seeks to enjoin those at NECX—individuals who are not even parties to this suit and might not even know about it—the Court declines to do so. To be sure, in limited circumstances a court may issue a temporary restraining order "without written or oral notice to the adverse party or its attorney." *See* Fed. R. Civ. P. 65(b)(1). But that requires Mayfield to "clearly show" that he will suffer "immediate and irreparable injury, loss, or damage . . . before the adverse party can be heard in opposition" and to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *See id.*; *Hollowell v.*

*Bornkempt*, No. 3:17-CV-606 JD, 2017 WL 3446676, at *2 (N.D. Ind. Aug. 10, 2017) ("Although [Rule 65(b)(1)(B)'s certification] rule applies on its face to attorneys only, courts across the country have held *pro se* litigants who seek a temporary restraining order to the same requirement."). As Mayfield has not shown that he is likely to suffer irreparable harm, he certainly has not "clearly show[n]" that he will suffer "immediate and irreparable injury . . . before [NECX] can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A). And Mayfield has not informed the Court of "any efforts made to give notice" of his request for a restraining order to those at NECX. *See* Fed. R. Civ. P. 65(b)(1)(B).

For the reasons given, the Court DENIES Mayfield's Motion for Temporary Restraining Order and Preliminary Injunction (R. 91).

SO ORDERED.

Dated: August 31, 2017

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2017.

s/Keisha Jackson
Case Manager