UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDRE' L. MAYFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>DELMAR MAXWELL. et al.,<br><br>    Defendants. | Case No. 3:16-cv-03012<br><br>Judge Laurie J. Michelson<br>Magistrate Judge Newbern |

To:    The Honorable Laurie J. Michelson, District Judge

## REPORT AND RECOMMENDATION

This action has been referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1) for a report and recommendation on all dispositive motions. (Doc. No. 4.) For the following reasons, the undersigned RECOMMENDS that this action be DISMISSED and that all pending motions be DENIED AS MOOT. (Doc. Nos. 101, 109, 116, 117, 118.)

**I.    Background**

Mayfield filed this action on November 21, 2016, alleging that he had been denied the protective custody he sought because of retaliatory threats to his life from gang members and others in the facility where was housed.[1] (Doc. Nos. 1, 76.) The case passed through the initial screening required by the Prison Litigation Reform Act and proceeded into discovery. In September 2017, the defendants filed a motion for summary judgment (Doc. No. 101), to which Mayfield responded in opposition (Doc. No. 112). Mayfield continued to pursue discovery through

---

[1] During the pendency of this action, Mayfield was twice transferred to different facilities. (Doc. Nos. 7, 72.)

January 18, 2018. (Doc. Nos. 116, 117, 118.) On January 29, 2018, the defendants filed a notice advising the Court that Mayfield died on January 27, 2018. (Doc. No. 121.)

On January 30, 2018, the undersigned directed counsel for the defendants to make a good faith effort to identify Mayfield's successor or representative and, if that person was found, to serve him or her with the notice of death in the manner required by the Federal Rules of Civil Procedure. (*Id.*) If no successor or representative was found, the undersigned directed counsel to submit an affidavit detailing her efforts. (*Id.*)

**II.      Legal Standard**

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of a proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Rule 25 thus establishes a two-step procedure "that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party." *Lawson v. Cty. of Wayne*, No. 11-11163, 2012 WL 5258216, at *2 (E.D. Mich. Oct. 23, 2012) (quoting *Gruenberg v. Maricopa Cnty. Sheriff's Office*, No. 06–0397, 2008 WL 2001253, *1 (D. Ariz. May 7, 2008)). First, the notice of death must be made on the record. *Id*. Second, the notice must be served on all parties in accordance with Rule 5 and all non-parties in accordance with Rule 4. *Id.*; Fed. R. Civ. P. 25(a)(3). If these two steps have been satisfied and no successor or representative moves for substitution "within 90 days after service of a statement noting the death," the action "must be dismissed." Fed. R. Civ. P. 25(a)(1); *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947) (holding that dismissal in this

circumstance is "mandatory"); *see also* Rule 25 advisory committee notes, 1963 Amendment (recognizing that Rule 25(a)(1) creates in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within the time allowed).

**III.     Analysis**

On February 14, 2018, the defendants' counsel filed a notice describing her attempts to locate Mayfield's successor or representative. (Doc. No. 123.) Counsel stated that Mayfield had designated his grandmother Yvonne Williams as his emergency contact in a document he completed during his incarceration. (*Id.*) On February 13, 2018, counsel dispatched a process server to deliver a letter to Ms. Williams at her home. (*Id.*) The letter "notified her of the pending lawsuit, provided her a copy of the complaint along with copies of all amended or supplemental versions of the complaint (Docket Entries 1, 16, 27, and 76), and provided her a copy of the suggestion of death (Docket Entry 121)." (*Id.*)

On the same day, the defendants' counsel dispatched a process server to the home of Deborah Mayfield, Mayfield's mother, whose contact information counsel had obtained from Ms. Williams. (*Id.*) Ms. Mayfield was served with the same documents. (*Id.*) Ms. Mayfield informed counsel that Mayfield had a son with whom he did not communicate and who did not attend Mayfield's funeral. (*Id.*) Counsel "retained a private investigator with previous experience in the FBI." (*Id.*) The investigator was not able to locate Mayfield's son.[2]

The undersigned finds that counsel's service efforts were sufficient to discharge her responsibilities under the Federal Rules of Civil Procedure. More than ninety days have elapsed since Ms. Williams and Ms. Mayfield were served with the suggestion of death and other pertinent

---

[2]     Mayfield's son was identified as Ravion Jamal Cowan by Ms. Mayfield, and as Ratavia Cowan in documentation Mayfield completed while incarcerated. Counsel states that the private investigator searched for Mayfield's son using both names. (Doc. No. 123.)

3

documents. Neither has filed a motion for substitution. Accordingly, Rule 25(a)(1) requires that this case be dismissed.

**IV.     Recommendation**

In light of the foregoing, the Magistrate Judge RECOMMENDS that this action be DISMISSED. Additionally, the Magistrate Judge RECOMMENDS that all pending motions be DENIED AS MOOT. (Doc. Nos. 101, 109, 116, 117, 118.)

Any party has fourteen days after being served with this report and recommendation in which to file any written objections to it. A party who opposes any objections filed shall have fourteen days after being served with the objections in which to file a response in opposition. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of further appeal of the matters it addresses. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Entered this 23rd day of July, 2018.

ALISTAIR E. NEWBERN
United States Magistrate Judge